UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| Quentin McConnell | CIVIL ACTION 3-04-0940 |
| VERSUS | U.S. DISTRICT JUDGE ROBERT G. JAMES |
| Commissioner of Social Security | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION ON ATTORNEY FEES

In this case, plaintiff asks the court for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. 2412(d), hereinafter "EAJA" [Doc. # 13]. The government's position in this case was not substantially justified and the government has filed no objection to the award of attorney fees.

The EAJA provides in relevant part that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." §2412(d)(A)(ii). Plaintiff asks the court to award a rate of $125 per hour and $55 per hour for paralegal time. He attests that 11.8 hours were spent as attorney and 12.4 as paralegal.

The $125.00 rate can certainly be exceeded if the court determines that a higher fee is justified by inflation. However, "a district court, in its discretion, may determine that a fee below the established ceiling is a reasonable attorney's fee award based on the facts of a particular case." Hall v. Shalala, 50 F.3d 367, 370 (5th Cir. 1995). In other words, the court is not required

to use the maximum inflation adjusted rate or even to award the statutory rate. The rate to be applied is to be based upon prevailing market rates subject to a statutory cap; the cap is not the baseline.

Some courts have ordered that the full inflation-adjusted fee be awarded in all cases. See Sandoval v. Apfel, 86 F.Supp.2d 601, 614 (N.D. Tex. 2000). Others have ordered that the $125.00 amount is the norm. Hasni v. Reyno, 2001 WL 128310 (E.D. La. 2001). This court has no general order in place on the issue, but the judges in this district have awarded $125.00 per hour without enhancement for inflation with few exceptions, finding that, in the relevant legal communities, $125.00 per hour is a reasonable fee.

I find that, in this case in the relevant legal community, a fee of $125.00 per hour is a reasonable attorney fee and serves the goals of the EAJA by helping to ensure an adequate source of representation in social security appeals and minimizing the cost of that representation to the taxpayers. See Hall, 50 F.3d at 369. The award also serves to maintain consistency among the judges in this district. See this court's ruling in Money v. Barnhart, #1-1252, WDLA, Monroe Division, August 15, 2003.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that attorney's fees in the amount of $2157.00 and costs in the amount of $150 be awarded and ordered paid.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections

within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 17th day of June 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE